IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR LEON COUNTY, FLORIDA

**KYLE MARSHALL,**

    **Plaintiff,**

v.

**CITY OF TALLAHASSEE,
JOSEPH AZEVEDO, individually
and MARK ADRICK, individually,**

    **Defendants.**

_____/

CASE NO. 12-CA- 158
FLA BAR NO. 0739685



## COMPLAINT

Plaintiff, KYLE MARSHALL, hereby sues Defendants, CITY OF TALLAHASSEE,

JOSEPH AZEVEDO, individually, and MARK ADRICK, individually, and alleges:

### JURISDICTIONAL ALLEGATION

1.    This is an action for damages in excess of Fifteen Thousand Dollars ($15,000),

brought under 42 U.S.C. sections 1983 and 1988, and under Florida common law.

### PARTIES

2.    At all times pertinent hereto, Plaintiff KYLE MARSHALL has been a resident of

Leon County, Florida, and is over eighteen (18) years of age.  He is thus *sui juris*.

3.    At all times pertinent hereto, Defendant CITY OF TALLAHASSEE ("the CITY")

operated a law enforcement department known as the Tallahassee Police Department ("TPD")

within the jurisdictional boundaries of this court, and has committed tortious acts within Florida

and within the jurisdiction of this court.

**EXHIBIT
A**



4.     At all times pertinent hereto, Defendant JOSEPH AZEVEDO, individually, was a law enforcement officer in the TPD employed by the CITY. He has committed tortious acts within Florida and within the jurisdiction of this court.

5.     At all times pertinent hereto, Defendant MARK ADRICK, individually (collectively with AZEVEDO, "the INDIVIDUAL DEFENDANTS"), was a law enforcement officer in the TPD employed by the CITY. He has committed tortious acts within Florida and within the jurisdiction of this court.

## ULTIMATE FACTS

6.     On or about July 10 2009, allegedly, TPD received a telephone communication from Summer Calderone, Plaintiff's former girlfriend, in which she informed that Plaintiff intended to cause harm to an animal belonging to her. Calderone's communication was fabricated and false.

7.     In response to the call, TPD dispatched the INDIVIDUAL DEFENDANTS to Plaintiff's residence.

8.     When the INDIVIDUAL DEFENDANTS arrived at Plaintiff's residence, Plaintiff was home alone, along with his dog named Smitty. Smitty was a gentle, passive, and non-aggressive animal, with no history of attacking, biting or evidencing other belligerence.

9.     As is frequently the case with pet dogs, the presence of new and unknown persons tended to excite Smitty, in a thoroughly friendly manner, such that he would sometimes jump up on, lick or otherwise playfully interact with such persons.

10.     Upon arriving at Plaintiff's residence, the INDIVIDUAL DEFENDANTS searched the exterior property for Calderone's animal for a period of time, during some of which

2

period they interacted with Plaintiff outside of the house. Then, the INDIVIDUAL

DEFENDANTS knocked on the door to Plaintiff's residence for several minutes, in an effort to

speak with him further. Such knocking having peaked Smitty's excitement and curiosity, when

Plaintiff opened the door Smitty managed to exit the residence before Plaintiff could stop him.

11.     As Smitty playfully and non-threateningly approached ADRICK, with no

provocation whatsoever ADRICK kicked him. When Plaintiff was unable to immediately gain

control of Smitty, also without any provocation whatsoever, AZEVEDO drew his .40 caliber gun

and shot Smitty through the chest and lung. As a result of that shooting, Smitty died.

12.     Plaintiff has retained the undersigned to represent his interests in this matter, and

is obligated to pay a fee for such services. Defendants should be made to pay said fee under

applicable statutes and laws.

## COUNT I-INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS (the INDIVIDUAL DEFENDANTS)

13.     Plaintiff realleges Paragraphs 1-12 above in support of this count.

14.     This is an action against the INDIVIDUAL DEFENDANTS for intentional

infliction of emotional distress based on the conduct described herein, including the victimization

of Plaintiff.

15.     The INDIVIDUAL DEFENDANTS, despite their legal obligations to Plaintiff,

maliciously and intentionally kicked and then killed Plaintiff's dog. The INDIVIDUAL

DEFENDANTS knew or should have known that there existed no reason or cause whatsoever to

abuse, kick, and kill Plaintiff's dog.

3

16. The INDIVIDUAL DEFENDANTS' actions in kicking and shooting the dog were outrageous and such conduct would shock the conscience of a reasonable person, and constituted the actionable tort of intentional infliction of emotional distress.

17. The INDIVIDUAL DEFENDANTS' actions were reckless and/or intentional, and they knew or should have known that as a result of their actions, Plaintiff's severe emotional distress would likely result.

18. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience, and hurt, and is therefore entitled to compensatory damages.

## COUNT II-TRESPASS TO CHATTEL and CONVERSION (the INDIVIDUAL DEFENDANTS)

19. Plaintiff realleges Paragraphs 1-12 above in support of this count.

20. The INDIVIDUAL DEFENDANTS intentionally and without cause approached, caused contact with, damaged, and caused the destruction of Plaintiff's dog, which was Plaintiff's chattel under the law.

21. By kicking the animal, ADRICK deliberately caused an interference with the ownership and control of Plaintiff's dog and moreover, the contact with the animal showed full intention to intermeddle between Plaintiff and his dog.

22. Further, by shooting the animal, AZEVEDO also deliberately caused an interference with the ownership and control of Plaintiff's dog, and such shooting likewise showed full intention to intermeddle.

4

23.     AZEVEDO's shooting of the dog led directly to its destruction, permanently interfering with Plaintiff's rights of ownership and control.

24.     These actions of the INDIVIDUAL DEFENDANTS were done intentionally, deliberately, maliciously, and in the absence of any just cause or reason.

25.     Plaintiff sustained economic damages, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience and hurt, and is therefore entitled to compensatory damages.

## COUNT III-VIOLATION OF FOURTH AMENDMENT (all Defendants)

26.     Plaintiff realleges Paragraphs 1-12 above in support of this count.

27.     Defendants effected an unlawful seizure of Plaintiff's property and/or effects as described more fully above, without consent or lawful authority.

28.     Defendants intended to damage Plaintiff in that their harmful acts were deliberate and substantially certain to result in injury and harm.

29.     Defendants acted to violate Plaintiff's right not to be subjected to the unlawful seizure of property and/or effects under the Fourth Amendment to the United States Constitution. These violations were of a type and character as to which any reasonable person would be aware.

30.     Defendants further acted to violate Plaintiff's civil rights as protected by 42 U.S.C. section 1983. All Defendants are persons under applicable law. Defendants are liable, jointly and/or severally, to Plaintiff for their conduct, individually and in concert, in violating the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution.

31.     Defendants misused their power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as

5

described above, occurred under color of state law and is actionable under 42 U.S.C. section 1983.

32.     The foregoing actions of the Defendants were wilful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.

33.     The unlawful seizure of property and/or effects by law enforcement officers of this state is not part of the penalty that citizens have to pay prior to, during, and/or after being charged with a criminal offense, and constitutes a cognizable claim in violation of the Fourth Amendment.

34.     Defendants knew or should have known that their actions against Plaintiff were excessive given the clearly established law on use and seizure of property and/or effects.

35.     Based upon the facts presented to Defendants and the applicable law, no reasonable law enforcement officer or department could have concluded that there existed any reasonable cause to seize Plaintiff's property and/or effects.  The law was settled and clearly established that the actions of Defendants constituted unlawful seizure under the Fourth Amendment at the time the acts were committed.

36.     The actions or inactions of Defendants, as set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff when Defendants knew of and disregarded Plaintiff's property rights, and thus their actions or inactions constituted unlawful seizure in violation of the Fourth Amendment.

37.     Defendants were acting under color of state law at all times pertinent hereto.  The brutal shooting and killing of Plaintiff's dog violated the Fourth Amendment's proscription

6

against unlawful seizure of property and/or effects. Defendants misused their power, possessed by virtue of state law and made possible only because of the authority of state law. The violations of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. section 1983.

38.     In addition to the liability of the INDIVIDUAL DEFENDANTS under this count, the CITY is liable to Plaintiff hereunder due to the deliberate indifference of its employee officers, its ratification of their actions, and its failure to adequately train and supervise the INDIVIDUAL DEFENDANTS so as to prevent harm to Plaintiff.

39.     The foregoing actions and/or inactions of Defendants were wilful, wanton, and in reckless disregard of Plaintiff's rights.

40.     As a direct and proximate result of Defendants' actions in violation of the Fourth Amendment, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity to enjoy life, embarrassment, humiliation, and the loss of other emoluments. These damages have occurred in the past, are occurring at present, and will most likely occur in the future. Defendants are jointly and/or severally liable to Plaintiff for the unlawful conduct alleged herein.

41.     Plaintiff is entitled to an award of punitive damages against the INDIVIDUAL DEFENDANTS under this count.

### COUNT IV-NEGLIGENT SUPERVISION AND TRAINING (the CITY)

42.     Plaintiff realleges Paragraphs 1-12 above in support of this count.

43.     This is an action against the CITY for negligent supervision and training.

44.     The CITY breached its duty to supervise the INDIVIDUAL DEFENDANTS, to

7

prevent and to stop their actions constituting violations of Plaintiff's rights under Florida and federal law.

45.    The CITY knew or should have known of the actions, omissions, and derelictions of the INDIVIDUAL DEFENDANTS, and/or of its failure to properly train its officers in the need to maintain professional standards in the custody, control, and interaction with citizens and their property and/or effects.

46.    The CITY breached its duty to supervise and train the INDIVIDUAL DEFENDANTS.

47.    As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, sustained emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, inconvenience, and hurt, and is therefore entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

(a)    that process issue and this court take jurisdiction over this case;

(b)    that this court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

©    that this court enter judgment against Defendants and for Plaintiff awarding compensatory damages from all Defendants and punitive damages to Plaintiff from the Individual Defendants for Defendants' violations, as provided by law;

(d)    that this court enter judgment against Defendants and for Plaintiff permanently

8

enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e)     that this court enter judgment against Defendants and for Plaintiff awarding

Plaintiff costs, attorney's fees (under Count III only), and interest as provided by law; and

(f)     that this court grant such other and further relief as is just and proper under the

circumstances.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this **18** day of January, 2012.

Respectfully submitted,

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Rd.
Tallahassee, FL 32303
Telephone: 850-383-4800
Facsimile: 850-383-4801

ATTORNEYS FOR PLAINTIFF

9